IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DANIEL HURLBUT,
ADC #658898                                                                                    PLAINTIFF

5:19CV00070-KGB-JTK

STRAUGHN, et al.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following partial recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.   Introduction**

Plaintiff Daniel Hurlbut is a state inmate incarcerated at the Grimes Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs by Defendants. (Doc. No. 6)[1]

Pending before the Court is the Motion for Summary Judgment, Brief in Support, and Statement of Facts on the issue of exhaustion, filed by Defendants Armstrong and Chism (Doc. Nos. 24-25, 26), to which Plaintiff responded (Doc. Nos. 31-32, 35).

**II.   Facts**

In his Amended Complaint, Plaintiff alleged Defendants acted with deliberate indifference

---

[1] The Court issued a partial Report and Recommendation on March 11, 2019 that the following Defendants be dismissed: Straughn, Budnik, Musslewhite, Kelley, Payne, Woods, A. Gibson, Babcock, Cook, Peyton, Young, T. Gibson, Minor, Naylor, Correct Care Solutions, Stieve, Page, and Griffin (Doc. No. 7).

to his need for treatment of an infection in his left leg when he was transferred to the Tucker Unit of the ADC in August 2017. (Doc. No. 6, p. 6) He eventually underwent surgery for the infection and returned to a barracks in the Unit where Defendants Chism and Armstrong threatened him with disciplinary action if he did not join the Therapeutic Community Program (drug treatment). (Id., p. 9-10) Defendants Chism and Armstrong also refused to provide Plaintiff special accommodations for his leg condition or consider his need for rest due to constant pain.(Id., p. 10)

### III. Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

At issue in Defendants' Motion is whether Plaintiff exhausted his administrative remedies as to his claims against them prior to filing this lawsuit, as required by the ADC grievance

procedure, Administrative Directive (AD) 14-16 (Doc. No. 27-1), and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  Defendants present the Affidavit of Shelly Byers, Assistant Medical Service Manager for the ADC, who states that the grievance process consists of an informal resolution, a formal grievance, and a grievance appeal to the Assistant and/or Deputy Director. (Id., p.2)   In addition, the policy requires that "[g]rievances must specifically name each individual involved" for the purposes of exhaustion. (Id.) Ms. Byers states that she reviewed Plaintiff's medical grievance file and found that he never exhausted a grievance in which he alleged that Defendants Armstrong and Chism were deliberately indifferent to his medical needs. (Id.) Based on this evidence, Defendants state Plaintiff's claims against them should be dismissed for failure to exhaust.

In Response, Plaintiff states that administrative remedies often were not available and that Defendants "tried to prevent me from exhaustion." (Doc. No. 32, p. 1) He claims that he exhausted all available remedies, that staff misled him about the grievance process, and that the grievance form itself was not sufficiently specific to place him on notice that his lawsuit would be dismissed if he did not specifically name who he intended to sue. (Id., p. 3) He also states he was refused his own copy of the grievance policy. (Id., p. 4) In support of his Response, he attaches the grievances he filed, including his attempt to comply with the requirement to identify Defendants, which was rejected as a duplicate. (Id. p. 4)

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813

4

(E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

The PLRA requires "proper" exhaustion, which means "using all steps that the agency holds out, and doing so *properly*." Porter v. Nussle, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Porter, 548 U.S. at 90-91. In Burns v. Eaton, the Eighth Circuit Court of Appeals held that an

5

inmate's failure to specifically name a defendant and grieve his conduct in a grievance he filed about the incident at issue, mandated that defendant's dismissal for failure to exhaust. 752 F.3d 1136, 1141 (8th Cir. 2014). In addition, in Champion v. Akins, the Court held that even if a defendant is named or identified in a grievance, an inmate's failure to explain the substance of the defendant's involvement in the incident, as set forth in the ADC grievance procedure, mandated dismissal of that defendant for failure to exhaust. 498 Fed. Appx. 670 (8th Cir. 2013 (per curiam) (unpublished opinion).

Finally, the United States Supreme Court held in Ross v. Blake that three types of incidents could render an administrative remedy unavailable to an inmate. 136 S.Ct. 1850, 1859 (2016). Those situations include: where the procedure operates as a dead end, with officers unable or unwilling to provide any relief; where the administrative scheme is so opaque that no ordinary prisoner can discern or navigate it; or when prison administrators thwart inmates from taking advantage of a grievance procedure. Id. at 1859-1860.

In this case, the ADC grievance policy in effect clearly instructs inmates to "specifically name each individual involved for a proper investigation and response," and to include on the grievance form "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses,..." (Doc. No. 27-1, pp. 4, 6) In addition, the policy states that inmates "must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit and Claims Commission claim. If this is not done, their lawsuits or claims may be dismissed immediately." (Id., p. 17) The grievance form itself contains the following direction: "**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, and place, name of personnel involved

6

and how **you** were affected." (Id., p. 19)

According to the grievances Plaintiff submitted with his Response, the grievance which was rejected as a duplicate, in which he claims that he attempted to name everyone involved, did not name Defendants Armstrong and Chism. (Doc. No. 32, pp. 8-1) Although Plaintiff alleges that Ms. Byers refused to process a grievance, the letter he produced about this does not indicate the number of the grievance and only refers to the date in which it was submitted, September 8, 2017. (Id., p. 32) One of the grievances Plaintiff attached was dated September 8, 2017 but did not name Defendants Chism and Armstrong and complained about a denial of pain medications. (Id., p. 22) As to the rest of the grievances submitted by Plaintiff, only one, which was not exhausted, named Defendants Chism and Armstrong, and it related to their decision to place him in the therapeutic program. (Id., p. 26). Therefore, Plaintiff provided no proof that he submitted any grievance complaining that Defendants Armstrong and Chism acted with deliberate indifference to his medical needs by failing to accommodate him in the therapeutic program.

In addition, Plaintiff provided no proof that the grievance procedure was not available to him or that he was thwarted from utilizing the grievance procedure, as set forth in Ross. Although he stated that Defendants tried to prevent him from exhausting, he was not specific as to how that occurred, and the grievance in which he stated he tried to correct his mistakes, but which was rejected as a duplicate, did not name or refer to Defendants Armstrong and Chism. In addition, although he claimed that he was denied a "copy" of the grievance policy, he did not claim that he was denied access to reviewing the policy in the law library. Finally, it is clear to the Court from the number of grievances that Plaintiff submitted in his Response that he was sufficiently familiar with the grievance process. Therefore, because he did not file and exhaust a grievance

7

concerning his claims against Defendants Armstrong and Chism, the Court finds that their Motion should be granted.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 24) be GRANTED, and Defendants Armstrong and Chism be DISMISSED from Plaintiff's Amended Complaint without prejudice.

IT IS SO RECOMMENDED this 1st day of May, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE